IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Daniel Ortiz, | ) |
| *Plaintiff,* | ) ) ) ) |
| -vs- | ) No. 18-cv-___ ) ) |
| Thomas Dart, Sheriff of Cook County, and Cook County, Illinois, | ) ) ) ) ) |
| *Defendants.* | ) |

# COMPLAINT

Plaintiff Daniel Ortiz, by counsel, alleges as follows:

1. This is a civil action arising under Section 202 of the Americans with Disabilities Act, 42 U.S.C. §12132, and Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a). The jurisdiction of this Court is conferred by 42 U.S.C. §12133, and 29 U.S.C. §794a(a)(2).

2. Plaintiff Daniel Ortiz was processed into the Cook County Department of Corrections (CCDOC) on August 22, 2016 and assigned booking number 2016-0822044.

3. Defendant Thomas Dart is the Sheriff of Cook County. Under Illinois law, the Sheriff is responsible for prisoners remanded to his custody.

4. Defendant Cook County, in collaboration with the Sheriff, is responsible for accommodating the needs of disabled prisoners remanded

to the Sheriff of Cook County and is responsible for maintaining the CCDOC and the Leighton Criminal Courthouse. Defendant Cook County is also a necessary party in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 947 (7th Cir. 2003).

5. Defendants Sheriff and Cook County received federal financial assistance from 2015 to 2017.

## Plaintiff Is Deprived The Benefit Of Accessible Toilet

6. Plaintiff is substantially limited in the activity of moving from place to place and bending because he is missing part of his leg. Plaintiff requires ambulatory aids including crutches and/or a wheelchair to move from place to place.

7. Grab bars are necessary for plaintiff to safely toilet.

8. Since approximately January 22, 2018, plaintiff has been assigned to a cell in the Residential Treatment Unit. Plaintiff's present cell assignment is Tier 3E, Cell 2.

9. The cell toilet does not have grab bars.

10. For a toilet to comply with the ADA Structural Standards, the toilet must have at least one grab bar.

11. The absence of grab bars causes plaintiff to be deprived the benefit of the toilet compared to similarly situated non-disabled inmates.

12. Defendants are aware of plaintiff's complaints about barriers to toilet because the toilet area does not have grab bars to accommodate his disability.

13. Rather than provide plaintiff a cell with grab bars near the toilet, the CCDOC provides plaintiff a metal chair to place over the toilet.

14. The defendants' refusal to provide plaintiff a cell with grab bars near the toilet makes it more difficult for plaintiff to toilet and causes him to be at risk of harm and suffer pain.

15. Plaintiff has complained to defendants about the above described discrimination. Defendants refuse to move plaintiff to a cell that can accommodate his disability.

16. Defendants have been and continue to intentionally discriminate against plaintiff in violation of his rights under the ADA and Rehabilitation Act.

**Defendants Fail To Accommodate Plaintiff When Sleeping**

17. Inmates at the Cook County Department of Corrections may participate in the program or activity of sleeping.

18. Plaintiff, because of several acute medical conditions, is substantially limited in the everyday activity of sleeping. Plaintiff must be provided a CPAP machine and a sufficient supply of distilled water to sleep.

19. It is dangerous for plaintiff to fall asleep without a CPAP machine.

20. Plaintiff has required medical attention numerous times while assigned to a cell in the RTU because he fell asleep without the benefit of a CPAP machine.

21. Plaintiff is only provided a CPAP machine during from 9:30 p.m. to 8:00 a.m. This policy has deprived plaintiff the ability to sleep from 8:00 a.m. until 9:30 p.m. during times when he is locked in his cell.

22. Similarly situated nondisabled inmates do not have the same restrictions to sleep.

23. Plaintiff has complained about the above described discrimination.

24. Defendants refuse to fashion an accommodation for plaintiff to engage in the program or activity of sleeping.

**Discrimination When Attending Court at Leighton**

25. Plaintiff, like all pretrial detainees at the CCDOC, attends court periodically in connection with his underlying criminal case. Plaintiff attends court at Leighton.

26. There are two steep ramps in the basement of the Leighton Courthouse.

27. Defendants are aware, as a result of the *Lacy v. Dart*, No. 14 C 6259 (Gettleman, J.) litigation, the Leighton ramps do not comply with the current ADA slope or landing requirements. *Lacy v. Dart*, 2015 WL 5921810, *5 (N.D. Ill. 2015).

28. Due to the age of Leighton, defendants must provide a reasonable accommodation for inmates with substantial difficulty moving from place to place move up and down the Leighton ramps.

29. Plaintiff is provided the option of using a wheelchair or crutches to move from the Residential Treatment Unit to Leighton.

30. Initially, plaintiff used a wheelchair to attend court.

31. The Leighton Courthouse does not have any holding cells compliant with the ADA Structural Standards.

32. Pursuant to a policy enforced by defendant Dart, wheelchair users are placed last on a judge's call. Prior to a court appearance, defendant Dart holds wheelchair users in the basement of the CCDOC.

33. This policy discriminated against plaintiff because it delayed the start of each criminal court appearance causing hardship on plaintiff and his criminal counsel.

34. To avoid the burden caused by being called last at Leighton, plaintiff elected to use crutches to move from his housing unit at the CCDOC to Leighton.

35. Defendant Sheriff maintains a yellow correctional grade wheelchair on the "bridge."

36. At all times relevant, defendant Cook County had the ability to require defendant Sheriff to provide a wheelchair for inmates to move up and down the Leighton ramps identified as having a substantial impairment moving from place to place.

37. At all times relevant, defendant Sheriff had the ability to push inmates, like plaintiff prescribed crutches, up and down the Leighton ramps in a correctional grade wheelchair.

38. Defendants never implemented any policy to provide an accommodation to inmates who use ambulatory aids such as a cane, walker, or crutch to navigate the Leighton ramps.

39. There is no policy reason why inmates with a medical alert for a cane, crutch, or walker cannot be assisted up and down the ramps at Leighton with a wheelchair.

40. It is feasible for the Sheriff to offer inmates that have a medical alert for a cane, crutch, or walker the service of a wheelchair pushed by a correctional officer to move up and down the Leighton ramps.

41. Navigating the Leighton ramps without an accommodation caused and continues to cause plaintiff pain and vulnerable to substantial risk of harm.

42. Defendants have been and continue to be deliberately indifferent to plaintiff's rights under the ADA and RA.

43. Plaintiff hereby requests trial by jury on his claim for damages.

It is therefore respectfully requested that the Court fashion appropriate injunctive relief, grant appropriate compensatory damages and that the Court grant whatsoever other relief as may be appropriate, including an award of attorney's fees and costs.

/s/ Patrick W. Morrissey
ARDC No. 6309730
Thomas G. Morrissey
Thomas G. Morrissey, Ltd.
10150 S. Western Ave., Ste. Rear
Chicago, Illinois 60643
(773) 233-7900
patrickmorrissey1920@gmail.com

*Attorneys for Plaintiff*